## MEMORANDUM DECISION

## ON REHEARING

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 07 2016, 8:15 am

CLERK
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Scott H. Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Davon Crenshaw,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 7. 2016

Court of Appeals Case No.
20A03-1504-CR-122

Appeal from the Elkhart Circuit Court

The Honorable Terry C. Shewmaker, Judge

Trial Court Cause No.
20C01-1311-FB-133

---

**Bailey, Judge.**

On rehearing after this Court affirmed his convictions for Burglary and Conspiracy to Commit Burglary, Davon Crenshaw contends that he was subjected to double jeopardy. According to Crenshaw, this Court misstated relevant facts and there is a lack of independent evidence that he donned a mask – the overt act alleged in furtherance of the conspiracy to commit Burglary. In our opinion, we attributed to Matthew Allen the testimony that Crenshaw was one of five masked men who actively participated in the burglary of Cynthia Contreras's home. This was in error. Antoine McDuffie's guilty plea hearing testimony (entered as an evidentiary exhibit at Crenshaw's trial) is the source of this evidence. Too, Contreras testified to her "absolute certainty" that five men were in her home. (Tr. at 110, 113). She testified that "all the individuals were wearing hoodies and covering half their face" with "some sort of mask." (Tr. at 99.) The jury's conclusion that Crenshaw donned a mask, as alleged, rests upon independent evidentiary facts. Subject to the foregoing correction of the named witness, we affirm our original opinion.

Baker, J., and Mathias, J., concur.